IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | | |
|---|---|---|
| GENERAL ELECTRIC COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 5:23-CV-06162-BCW |
| | ) | |
| BOILERMAKER-BLACKSMITH | ) | |
| NATIONAL PENSION TRUST, | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

Before the Court is General Electric Company's Motion to Remand to Arbitrator for Adjudication of Refund Interest Dispute. (Doc. #42). The Court, being duly advised of the premises, denies said motion without prejudice.

The history of this case is detailed in the Court's February 3, 2025 Order on the parties' cross motions for summary judgment. (Doc. #40). Here, the Court recounts only necessary information pertinent to the instant motion.

The Boilermaker-Blacksmith National Pension Trust (the "Fund"), a multiemployer pension fund, issued two withdrawal liability assessments to General Electric Company ("GE") in 2019 and 2022. (Doc. #40). GE timely demanded arbitration of the claims, and on December 11, 2023, the Arbitrator found in favor of GE on both claims. The parties each sought review of the Arbitrator's decision in this Court: GE sought to confirm and enforce the arbitral award, and the Fund sought to vacate the award. On February 3, 2025, the Court granted summary judgment to GE and affirmed the Arbitrator's decision, finding GE was exempt from the assessed withdrawal liability. (Doc. #40).

1

On February 13, 2025, GE filed the instant motion asking the Court "to remand to the Arbitrator for resolution of a limited, collateral dispute: namely, the interest rate applicable to the refund of the liability payments that GE made pursuant to the now-vacated assessments." (Doc. #43). On February 27, 2025, the Fund filed opposing suggestions arguing GE waived the issue by failing to raise it before arbitration proceedings concluded. (Doc. #46). On March 13, 2025, GE filed reply suggestions. (Doc. #50).

On March 4, 2025, before the instant motion was fully briefed, the Fund filed a Notice of Appeal to the United States Court of Appeals for the Eighth Circuit from the Court's February 3rd Order. Therefore, prior to reaching the merits of the instant motion, this Court must determine whether it has jurisdiction to consider the motion.

"Once a notice of appeal is filed, the district court is divested of jurisdiction over matters on appeal." State ex rel. Nixon v. Coeur D'Alene Tribe, 164 F.3d 1102, 1106 (8th Cir. 1999); 28 U.S.C. § 1291. However, "a district court retains jurisdiction over collateral matters, such as attorney's fees or sanctions, while an appeal is pending." FutureFuel Chem. Co. v. Lonza, Inc, 756 F.3d 641, 648 (8th Cir. 2014).

The instant motion for remand concerns whether GE is entitled to have the Arbitrator determine, in the first instance, if the Fund's interest calculation on the refund payments was correct. See (Doc. #43). This issue is collateral to the final decision on appeal because its disposition does not go to the merits of the case and it would not affect the Eighth Circuit's consideration of this Court's February 3rd Order. See FutureFuel, 756 F.3d at 648. Therefore, the Court retains jurisdiction to decide the instant motion.

However, although this Court has jurisdiction over the instant motion, the Court declines to consider the merits of said motion while the Fund's appeal is pending before the Eighth Circuit.

The Eighth Circuit's determination has the potential to moot GE's pending motion, should it rule in the Fund's favor. Therefore, in the interests of judicial economy, the Court denies said motion without prejudice to reassertion at a later time. GE is permitted to re-file its motion after the Eighth Circuit issues its ruling should GE find it is appropriate to do so. Accordingly, it is hereby

ORDERED Defendant's Motion to Remand to Arbitrator for Adjudication of Refund Interest Dispute (Doc. #42) is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated: May 1, 2025 /s/ Brian C. Wimes
JUDGE BRIAN C. WIMES
UNITED STATES DISTRICT COURT